**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4103

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERVIN MONTEZ ALSTON, JR., a/k/a Wes, a/k/a Wesley,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00074-D-3)

Submitted:  December 30, 2019                          Decided:  January 9, 2020

Before FLOYD, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ervin Montez Alston, Jr., appeals his conviction and sentence after pleading guilty to Hobbs Act robbery in violation of 18 U.S.C. §§ 2, 1951(a) (2012) and discharging a firearm during and in relation to the Hobbs Act robbery in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (2012). The district court sentenced him below his Guidelines range to 72 months in prison for the Hobbs Act robbery and a consecutive 120-month prison term for discharging the firearm, totaling 192 months in prison. On appeal, Alston's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising for review whether the district court plainly erred under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny by sentencing Alston to 120 months in prison for aiding and abetting the discharge of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). Alston was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). We review the question whether an offense qualifies as a crime of violence de novo. *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). However, procedural sentencing errors and other specific claims of error raised for the first time on appeal are reviewed for plain error. *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010); *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, . . . (3) that the error

2

affected his substantial rights," and (4) that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) (internal quotation marks omitted). Because Alston asserts error in his sentence for the first time on appeal, we review his contention for plain error.

We have reviewed the record and conclude that the district court did not err in sentencing Alston to 120 months in prison for discharging a firearm during and in relation to a crime of violence. The substantive offense of "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *Mathis*, 932 F.3d at 266. Moreover, the fact that Alston aided and abetted the discharge of a firearm in this case does not alter the effect of the rule in *Mathis*. "[I]n the federal system, culpability for an offense as an aider and abettor is treated no differently from treatment as a principal." *United States v. Kimble*, 855 F.3d 604, 613 (4th Cir. 2017); *cf. United States v. Day*, 700 F.3d 713, 720 (4th Cir. 2012) ("[A]iding and abetting liability does not set forth an essential element of the offense with which the defendant is charged or itself create a separate offense" but "simply describes the way in which a defendant's conduct resulted in the violation of a particular law." (internal quotation marks omitted)). Alston agreed that he aided and abetted the discharge of a firearm during and in relation to the Hobbs Act robbery he committed on March 16, 2015; the district court was required to impose a mandatory minimum sentence of 120 months' imprisonment on that count.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the

3

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4